An order in conformity with this opinion may be presented to the court.

MORRIS COUNTY INDUSTRIAL PARK, A NEW JERSEY CORPORATION, PLAINTIFF, v. THOMAS NICOL CO., A NEW JERSEY CORPORATION, L. G. KITCHELL, INC., A NEW JERSEY CORPORATION AND NEW JERSEY TURNPIKE AUTHORITY, A BODY CORPORATE AND POLITIC IN THE STATE HIGHWAY DEPARTMENT (IMPROPERLY IMPLEADED AS NEW JERSEY TURN-PIKE AUTHORITY, A MUNICIPAL BODY OF THE STATE OF NEW JERSEY), AND STANDARD ACCIDENT IN-SURANCE COMPANY, A CORPORATION OF THE STATE OF MICHIGAN, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided December 7, 1960.

382

*Mr. David A. Pressler* for the plaintiff (*Mr. Harold S. Okin,* attorney).

*Mr. Vincent P. Keuper* for the defendants Thomas Nicol Co., New Jersey Turnpike Authority and Standard Accident Insurance Company.

GRIMSHAW, J. S. C. In 1958 the New Jersey Turnpike Authority engaged the services of the defendant Thomas Nicol Co. in connection with the completion of work at the northern terminus of the Turnpike. In connection with this work, Nicol, being in need of dirt fill, arranged to have it supplied at the job by Larry G. Kitchell or Larry G. Kitchell, Inc. Kitchell, being without the necessary fill, purchased it from the plaintiff. The fill was taken from plaintiff's premises in trucks of Kitchell to the place where Nicol was engaged in the completion of the work required of him under the terms of his contract with the Turnpike Authority. When the fill had been delivered, plaintiff, through its president,

notified defendant Nicol Company that it had supplied Kitchell with the fill used in connection with the contract and requested that it be notified when payment of the claim of Kitchell was to be effected.

On September 2, 1958 Kitchell submitted a bill to Nicol for the fill. The account had been carried on the Nicol books as Larry G. Kitchell, Inc. and a check had been drawn to the account of Kitchell in that manner, in payment of the invoice. On September 23, 1958 Kitchell appeared at the Nicol office and explained that his corporation was no longer in existence and that the check in payment of the invoice should be made to him individually. The Nicol records were changed and a check was given to Kitchell. At the time of the Kitchell payment the manager of the Nicol office was absent and plaintiff was not notified of the payment until Kitchell had disappeared. Thereafter, plaintiff filed a lien claim under the Municipal Lien Act, *N. J. S. A.* 2A:44–125 *et seq.*, and joined in this suit the Turnpike Authority, Nicol and its surety, defendant Standard Accident Insurance Company.

The fact that Kitchell was referred to as Larry G. Kitchell, L. G. Kitchell, Inc. and Larry G. Kitchell, Inc. at various stages of the proceedings seems to me to be entirely unimportant. All parties were dealing with the same person.

It must be conceded that unless plaintiff has the right of lien under the provisions of the Municipal Lien Act he has no claim against any of the present defendants, with the exception of Kitchell. The question is whether or not the Municipal Lien Act by its terms gives a right of lien to one who sells to a materialman materials supplied to the contractor on a public construction project. It is quite clear that Kitchell, by whatever name he was known, was not a subcontractor of Nicol. He was a materialman. He bought the fill from the plaintiff and might have used it on any project in which he was interested. The fact that it was used to supply the Nicol Company, is, it seems to me, purely coincidental. I know of no provision of the Municipal Lien

Act which gives a right of lien to one who sells materials to a materialman engaged by a contractor in connection with a public improvement. Nor do I consider that the failure to notify plaintiff, of the payment to Kitchell, in any way altered the situation of the Nicol Company and created a liability which had not theretofore existed.

In my view, there is no liability on the part of Nicol in connection with the plaintiff's claim and obviously the same is true of its surety. Nor do I recognize a right of lien existing on behalf of the plaintiff under the Municipal Lien Act.

The complaint will be dismissed as to the Turnpike Authority, the Nicol Company and its surety, Standard Accident Insurance Company, and there will be judgment entered in favor of the plaintiff against Kitchell.